IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Anthony M. Werts, #337940, ) | C/A NO: 4:10-2153-TLW-TER |
| aka Anthony Michael Werts, ) | |
| ) | |
| Plaintiff, ) | |
| ) | REPORT AND RECOMMENDATION |
| v. ) | |
| ) | |
| Jon Ozmint; Director, Stevenson, Warden, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## I. PROCEDURAL BACKGROUND

The Plaintiff, Anthony M. Werts ("Plaintiff"), filed this action under 42 U.S.C. § 1983[1] on August 20, 2010. Plaintiff alleged that his constitutional rights were violated by Defendants. On December 17, 2010, Defendants filed a motion to dismiss pursuant to Rule 12(b)(1)(2) and (6) of the Federal Rules of Civil Procedure asserting Plaintiff has passed away since he filed the present action. Defendants asserted to their knowledge, no one has come forward seeking to prosecute this action on Plaintiff's behalf. Further, Defendants argue that any alleged claim of the Plaintiff would not survive his death, and that his death renders his present claims moot. The court issued an order on or about December 22, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising that a failure to respond to the Defendants' motion could result in the dismissal of his complaint. The *Roseboro* Order was returned to the Clerk of Court's office *via* United States Postal

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

Service on January 3, 2011, marked "Return to Sender...Deceased " (Document #24).[2]

On February 10, 2011, an order was issued giving defendants ten (10) days from the date of said order to file a Suggestion of Death with the Court pursuant to Rule 25(a)(1) of the Federal Rule of Civil Procedure. Defendants were instructed to file a certificate of service showing that the Suggestion of Death has been served upon the non-party representative of the deceased pursuant to the Rules.

The defendants filed a Suggestion of Death of Plaintiff on February 22, 2011, in which defendants assert they served the Suggestion of Death upon plaintiff's sister, Sharon Laramore, who they believe plaintiff resided with prior to his incarceration and who he named as his emergency contact when he arrived at the South Carolina Department of Corrections (SCDC).  Defendants assert that they believe plaintiff was survived by four (4) children, and based upon information given to the SCDC, two of the children are adults. However, defendants assert plaintiff did not provide addresses to the SCDC for his children. Defendants contend they made every reasonable effort to locate plaintiff's adult children to serve the Suggestion of Death upon pursuant to Rule 25, SCRCP, but were not able to locate and serve same after a "diligent search." (Doc. #31).

On March 24, 2011, defendants filed a motion for temporary stay of the deadline to file dispositive motions due to the death of the plaintiff.[3] Within this motion, defendants assert that because a personal representative of the estate had not been appointed by the courts, the Suggestion of Death was served upon plaintiff's sister, Sharon Laramore. Defendants also attached a copy of a note they received from Plaintiff's sister in which she states that she does not wish to pursue the present lawsuit and "wished it stopped." (See document #35-1). Defendants also filed an affidavit of counsel, Erin Farrell, who attests that to date neither plaintiff's sister nor any other person has

---

[2] An Order was issued on November 29, 2010, granting defendants' motion for extension to file an answer. This Order was returned to the Clerk of Court's office *via* United States Postal Service on December 29, 2010, marked "Return to Sender...Deceased " (Doc. #23).

[3] This motion was granted on March 24, 2011. (Doc. #36).

come forward requesting to be substituted for plaintiff in this action.

Under Rule 25(a)(1) of the Federal Rules of Civil Procedure, when a party dies while an action ins pending, a person seeking to be substituted for that party may move to do so at any time within ninety days after service of a statement noting the party's death.  Defendants filed the Suggestion of Death on February 22, 2011, and no-one has come forward within ninety days seeking to be substituted for the plaintiff. Therefore, it is recommended that this action be dismissed.

## CONCLUSION

Based on the above reasons, it is RECOMMENDED that Defendants' motion to dismiss (doc. #18) be GRANTED.

In the alternative, it is recommended that this action be dismissed pursuant to Rule 41b of the Federal Rules of Civil Procedure.

                                              Respectfully submitted,

                                              s/Thomas E. Rogers, III
                                              Thomas E. Rogers, III
                                              United States Magistrate Judge

June 20 , 2011
Florence, South Carolina